STOCKYARDS NAT. BANK OF ST. PAUL, MINN., v. FIRST NAT. BANK
OF TOWNER, N. D.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1918. Rehearing
Denied May 29, 1918.)

No. 4917.

1. PLEDGES ⬅25—LOSS OF TITLE.
   A pledgee of promissory notes, residing in a city other than that where
   the notes are payable, does not, the notes being payable at the bank of the
   pledgor, lose title by sending them to the pledgor for collection, where
   the pledgor received them for that purpose only, unless they are assigned
   in due course, for value, before maturity, and without notice to a bona
   fide purchaser.

2. BILLS AND NOTES ⬅339—BONA FIDE PURCHASE OF PROPERTY OF PLEDGOR
   —RIGHTS.
   Plaintiff, which had received notes as collateral for a loan made to a
   bank at a distant city, transmitted the notes, which bore a blank in-
   dorsement on the back, to the pledgor bank for collection. The bills re-
   ceivable register of the pledgor bank showed that all such notes had been
   erased, while the collection register showed that the notes were held by
   the pledgor bank for collection for plaintiff. *Held*, that a purchaser of
   the property of the pledgor bank, not being a bona fide purchaser with-
   in the law merchant, was not entitled to the notes as against plaintiff,
   for due diligence would have disclosed plaintiff's ownership.

3. EVIDENCE ⬅354(2)—BANK REGISTERS.
   Where a pledgee of notes delivered them to the pledgor bank for col-
   lection, and the bank transferred its assets to defendant, who collected
   the same, the exclusion of the bills receivable register and the collection
   register of the pledgor bank, in an action by the pledgee to recover
   against the purchaser, was error.

4. EVIDENCE ⬅20(2)—JUDICIAL NOTICE.
   That every bank keeps bills receivable registers and collection regis-
   ters is so well known that courts may take judicial notice of the fact.

In Error to the District Court of the United States for the District
of North Dakota; Thomas C. Munger, Judge.

Action by the Stockyards National Bank of St. Paul, Minn., against
the First National Bank of Towner, N. D. There was a judgment for
defendant, and plaintiff brings error. Reversed, with directions to
grant new trial.

George A. Bangs, of Grand Forks, N. D. (George R. Robbins, of
Grand Forks, N. D., on the brief), for plaintiff in error.

Edward Engerud, of Fargo, N. D. (Tracy R. Bangs, of Grand
Forks, N. D., and Engerud, Divet, Holt & Frame, of Fargo, N. D.,
on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, Dis-
trict Judge.

TRIEBER, District Judge. For convenience we shall refer to the
plaintiff in error as the plaintiff, and the defendant in error as the
defendant, as they appeared in the court below. The facts are prac-
tically undisputed. The Farmers' State Bank of Towner, N. D., bor-
rowed from the plaintiff the sum of $8,600, and to secure the same

hypothecated and delivered to it as collateral 15 notes of its customers, all of them payable at the Farmers' State Bank, in Towner, N. D. Shortly before these notes became due, the plaintiff, at the request of the Farmers' State Bank, sent these notes to the Farmers' State Bank for collection and remittance, and when collected and remitted to be credited on the principal note. When these notes were sent, the Farmers' State Bank executed its receipt therefor, which reads as follows:

"Received for collection from Stockyards National Bank, South St. Paul, Minn., the following list of notes, held as collateral to note of T. J. Cummings, the proceeds of which are to be remitted to said Stockyards National Bank, and indorsed on indebtedness here."

It then gives a list of the 15 notes received by it from the Stockyards National Bank. Three of these notes, amounting to $912.25, were collected by the Farmers' State Bank and remitted to the Stockyards National Bank and credited on the note. Each of these notes had been indorsed in blank by the Farmers' State Bank, by stamping on the back:

"Pay to the order of ......, without recourse. [Signed] Farmers' State Bank of Towner, by T. J. Cummings, Cashier."

The loan to the Farmers' State Bank was evidenced by a note of the cashier of that bank, but it is conceded by all parties that the loan was made for the sole use of the Farmers' State Bank, was credited to it on the books of the Stockyards National Bank, and drawn out by it in the usual course of business.

On November 9, 1915, the Farmers' State Bank, in pursuance of a proposition in writing made on October 28, 1915, by the defendant bank, sold its loans and bills receivable, fixtures, lease on the building, and good will to it, but retained all other property, which consisted of some real estate and some other assets. In consideration of this sale the First National Bank agreed to assume the payment of the Farmers' State Bank's deposit liabilities, but none other. The agreement also provided that the loans purchased must be satisfactory to the First National Bank, an examination of them to be made by at least two of the directors of the First National Bank, the loans to be listed and scheduled, and the accrued interest to be figured on all notes on which interest was from date, unearned interest was to be discounted where it had been paid in advance, and the notes to be taken at their present worth. The agreement further provided that, if the bills receivable accepted by the First National Bank are insufficient to pay all deposit liabilities assumed and list of them to be furnished, the Farmers' State Bank was to pay the defendant, in cash or acceptable paper, the difference, which was found to amount to $1,952.33, which was paid by the Farmers' State Bank to the First National Bank by draft and cash. The Farmers' State Bank also obligated itself not to enter into the banking business at Towner, where both banks were located, for 10 years, and that its bank would be liquidated and dissolved as a corporation.

The 12 notes amounted to $7,564.60 after the credit of the $912.25, which had been previously collected by the Farmers' State Bank and

remitted to the plaintiff. Nine of these collateral notes were past due at the time they were transferred to the defendant; three of them, amounting to the sum of $1,499, were not yet due. The First National Bank collected these notes, and the plaintiff brought this action to recover the balance due it on its note; the First National Bank having collected more than sufficient from these collateral notes to pay it. There was a trial to a jury, and the court granted a peremptory instruction directing a verdict for defendant.

When the examination was made by the directors of the First National Bank, the notes in controversy, and which had been theretofore pledged with the Stockyards National Bank, were claimed by the president of the Farmers' State Bank to be the property of that bank. These were the only notes, so far as appears from the evidence, held by the Farmers' State Bank at that time, which bore the indorsements hereinbefore set out. The bills receivable book of the Farmers' State Bank, which was offered in evidence by the plaintiff and by the court excluded, showed that all these notes in controversy had been erased, thus showing that they were no longer the property of the Farmers' State Bank. The collection register of the Farmers' State Bank, which was also offered in evidence by the plaintiff and by the court excluded, showed that these notes were held by the Farmers' State Bank for collection for the plaintiff bank.

Counsel for defendant, in their oral argument, concede that no claim of bona fide purchaser under the law merchant is made, but it based its claim upon an estoppel of the plaintiff bank, by reason of the fact that it had intrusted the notes to the Farmers' State Bank without any indicia on the notes that they were its property, or that they were sent to the Farmers' State Bank for collection only, and upon the additional ground that, the plaintiff having parted with the possession of the notes to the pledgor, it lost the pledge, so far as purchasers from the pledgor without notice are concerned.

[1-4] In our opinion the court erred in excluding the bills receivable and collection registers of the Farmers' State Bank, when offered in evidence by the plaintiff, and in directing a verdict for the defendant. The pledgee of promissory notes, residing in a city other than where the notes are payable, the notes in controversy being payable at the bank of the pledgor, does not lose title to the pledged notes by sending them to the pledgor for collection, the pledgor receiving them for that purpose only, unless they are assigned for value, before maturity, and without notice to a bona fide purchaser, in due course of business. Clark v. Iselin, 21 Wall. 360, 368, 22 L. Ed. 568; J. M. Radford Gro. Co. v. Powell, 228 Fed. 1, 142 C. C. A. 457. In Commercial National Bank v. Canal Bank, 239 U. S. 520, 36 Sup. Ct. 194, 60 L. Ed. 417; Ann. Cas. 1917E, 25, it was held that one who has no title cannot transfer title, unless the owner has given authority, or is estopped; nor can he, in the absence of such authority or estoppel, transfer title by warehousing the goods and indorsing the receipt, although such receipts are negotiable under the Uniform Warehouse Act of Louisiana. As these notes were undoubtedly the property of the plaintiff, the debt for which they were pledged being then unpaid, and it had given no authority to the Farmers' State

Bank to sell them, that bank could not by an unauthorized sale pass title to a purchaser who is not a bona fide purchaser under the law merchant.

Is this plaintiff, by intrusting these pledged notes to the Farmers' State Bank for collection, estopped from claiming the proceeds of the notes collected by the First National Bank, there being no claim that the law merchant applies? In our opinion it is not: To maintain the contention of being an innocent purchaser, it is not only necessary to show that the notes were bought without notice, but also without knowledge of facts sufficient to put it on inquiry whether the notes were in fact owned by the Farmers' State Bank, and that it exercised reasonable diligence to ascertain that fact, when from the facts brought to its attention there was reason to suspect that they were not the property of the vendor. In our opinion the defendant did not exercise the diligence required by law. The fact that each of these notes bore a blank indorsement on the back, which is only made when a note is assigned, while none of the other notes had such an indorsement, would naturally arouse in the mind of an experienced banker some suspicion, and it is then his duty to make inquiry to ascertain the cause of this unusual circumstance. What would have been more natural than for the directors of the defendant bank, when they made that examination, and they found these notes thus indorsed to examine the bills receivable register of the Farmers' State Bank, which the evidence shows was kept by it, and therefrom ascertain whether they belonged to the Farmers' State Bank? Had they done so, they would have learned at once that these notes were not the property of the Farmers' State Bank, but that they had been assigned to same other bank or person. After having ascertained from the bills receivable register that these notes no longer appeared thereon, the next step, for one exercising reasonable diligence, would have been to inquire how the notes came to be in the bank's possession —whether for collection, or some other cause.

Had they called for and examined the collection register of the Farmers' State Bank, which the evidence shows was kept by that bank, they would have ascertained that these notes were not the property of the Farmers' State Bank, but that they were held by it for collection for the plaintiff. That every bank keeps such registers is so well known that courts may take judicial notice of it, for from these registers the bank knows when notes held by it mature and are to be presented for payment, and whether its property or held for collection only, and, if the latter, by whom they had been placed there for collection, so as to account for them to the owner.

In our opinion the defendant did not exercise that diligence which the law requires of it, and, had it exercised it, it would have ascertained that these notes were not the property of the Farmers' State Bank, but of the plaintiff. As the defendant is chargeable with knowledge of all the facts which by the exercise of reasonable diligence it could have ascertained, it must be charged with the knowledge that these notes were at the time not the property of the Farmers' State Bank, but of the plaintiff. The court erred in excluding the books hereinbefore mentioned, and in directing a verdict for the defendant.

The cause is reversed, with directions to grant a new trial.